UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mary E. McCardle,

Plaintiff,

v.

UNUM Life Insurance Company of America,

Defendant.

Court File No. 00-1447 ADM/AJB

**STIPULATED PROTECTIVE ORDER**

It is hereby stipulated and agreed by and between the parties, as follows:

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality, to protect adequately material entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority and with the consent of the parties, stipulated among the parties, by and through their attorneys, as follows:

1. Nondisclosure. All of the parties and their attorneys agree not to disclose or show to third parties any Confidential Documents (as defined in Paragraph 4 below) produced by other parties in these proceedings, except for use in this litigation, without the written consent of the party originally designating the document as confidential. All of the parties and their attorneys agree not to disclose any confidential information contained in any Confidential Documents produced by other parties in these proceedings to any third party, except for use in this litigation, without the written consent of the party originally designation the document as confidential.

2. Protection of Information, Copies, Etc. Without limiting the generality of the foregoing injunction, this Order shall be construed as prohibiting the use or disclosure of all information, copies, extracts, and complete or partial summaries prepared or derived from such Confidential Documents except as provided herein.

3. Filing Under Seal. All Confidential Documents produced in these proceedings which,

FILED MAY 02 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

are filed with the Court shall be sealed upon the producing party's request and without the other parties' objection, subject to release only by Order of the Court, agreement of counsel, or as otherwise provided herein.

4. Asserting Confidentiality. A document shall be treated as a "Confidential Document" for purposes of this Stipulated Protective Order if it is conspicuously stamped "CONFIDENTIAL" by the producing party. Each producing party agrees that documents will be stamped "CONFIDENTIAL" only when the party has good cause to believe that the document contains a trade secret, proprietary information or other confidential information not to be disclosed or to be disclosed only in a designated way, or that the document is otherwise entitled to protection. To the extent a document contains information which is confidential and information which is not confidential, the document shall be prepared, to the extent feasible, in such a manner that the confidential information is bound separately from that not entitled to protection.

In the event that a party believes that a designation of material is confidential by the other party is improper, the opposing party may object. If there is such an objection, either party may petition the Court for a determination of the issue.

5. Return of Documents. Upon completion of this litigation, all Confidential Documents copied or obtained from any production party in these proceedings shall be returned immediately upon the written request of that producing party's counsel.

6. Limitation. Nothing in this Stipulated Protective Order shall limit any party in its use of its own documents or from disclosing its own documents and information.

7. Nonwaiver of Privilege. It is understood between the parties hereto that the production of any document by any party in these proceedings does not constitute a waiver of the attorney/client privilege or the work product doctrine, as the parties expressly agree and understand that such producing party's counsel may assert that many documents produced in

accordance with this Stipulated Protective Order are subject to the attorney/client privilege and/or work product doctrine, but are being produced solely to accommodate the other parties and in consideration of the parties' signing of this Stipulated Protective Order.

8. Confidential Information at Trial. Confidential Documents and other confidential information may be offered in evidence at trial or any Court hearing. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

9. Client Consultation. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course therof, rely on generally on examination of Confidential Documents.

It is so stipulated this 24th day of April, 2001

**MANSFIELD TANICK & COHEN, P.A.**

Denise Yegge Tatryn, #179127
1560 International Centre
900 Second Avenue South
Minneapolis, MN 55402-3383
Telephone: (612) 339-4295

*Attorney for Plaintiff*

It is so stipulated this 26 day of April, 2001

**KRASS MONROE, P.A.**

Terrance J. Wagener, #213676
John Harper III, #41397
1650 West 82nd Street, #1100
Minneapolis, MN 55431
Telephone: (952) 885-5999

*Attorney for Defendant*

G:\WPDATA\U\UNUMPROVIDENT\21-MCCARDLE\PLDGS\STIPULATED PROTECTIVE ORDER.DOC

So Ordered. 5/1/01

Arthur J. Boylan
U.S. Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.