**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Mary E. McCardle,

Plaintiff,

v.

UNUM Life Insurance Co. of America,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1447 ADM/AJB

---

Marshall H. Tanick, Esq., and Denise Yegge Tataryn, Esq., Mansfield, Tanick & Cohen, P.A., Minneapolis, Minnesota, appeared for and on behalf of the Plaintiff.

Terrance J. Wagener, Esq., and John Harper III, Esq., Krass Monroe, P.A., Minneapolis, Minnesota, appeared for and on behalf of the Defendant.

---

## INTRODUCTION

On August 1, 2001, the undersigned United States District Judge heard Cross-Motions for Summary Judgment by Plaintiff Mary E. McCardle ("Plaintiff") [Doc. No. 16], and Defendant UNUM Life Insurance Company of America ("UNUM") [Doc. No. 21]. For the reasons set forth below, both Plaintiff's and Defendant's motions are denied.

## BACKGROUND

Plaintiff worked at St. Paul Fire & Marine Insurance Company, a subsidiary of The St. Paul Companies, Inc., for approximately 21 years. UNUM administers and maintains The St. Paul Companies, Inc.'s short and long-term disability plans. In June 1996, while cleaning out a storage room at work, a two-pound stapler fell on Plaintiff's head, causing serious injury. Plaintiff experienced severe headaches and fatigue. After evaluations by several physicians and a

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

year of poor health, she applied and qualified for short-term disability benefits in July, 1997. At that time, her primary diagnosis was depression. In June, 1998, Plaintiff's treating physician, Dr. Gina Adel, a rheumatologist, changed her primary diagnosis to myofascial pain syndrome. Sometime thereafter, her primary diagnosis changed to fibromyalgia.

UNUM's long-term disability plan ("Plan") limits to a 12-month period disabilities that are primarily based on self-reported symptoms. The Plan defines self-reported symptoms as:

> manifestations of your condition which you tell your doctor, that are not verifiable using tests, procedures or clinical examinations standardly accepted in the practice of medicine. Examples of self-reported symptoms include, but are not limited to headaches, pain, fatigue, stiffness, soreness, ringing in ears, dizziness, numbness and loss of energy.

Adm. Rec., CL-615. In a letter of January 26, 1999, UNUM notified Plaintiff that the symptoms related to her myofascial pain syndrome and fibromyalgia fell within the self-reported symptoms limitation under the Plan, and accordingly, her coverage ended as of July 22, 1998. *See* Adm. Rec., CL-473-74. UNUM's letter further stated that because Plaintiff met the definition of disability due to depression, her benefits would continue until July 22, 1999, after which time the benefits would end based on the Plan's mental condition coverage limit of 24 months. *See id.*

On September 16, 1999, Plaintiff appealed UNUM's decision to sever her benefits. *See* Adm. Rec. CL-503-04. Two days later, UNUM responded, stating it had "reviewed the additional information [Plaintiff] recently sent [it, and] this information was not sufficient to reverse [its] previous decision." Adm. Rec. CL-539. UNUM further stated that Plaintiff's file would be forwarded to its Quality Review Section for an impartial, separate review. *Id.* UNUM lost Plaintiff's claim file and the appeal review process did not continue until December of 1999. *See* Def.'s Mem. in Opp'n. to Mot. for Summ. J., at 6; Adm. Rec. CL-492.

On December 6, 1999, UNUM informed Plaintiff that it had received her long-term disability claim appeal and that "[o]nce our review begins, you will be contacted if additional information is needed." Adm. Rec. CL-505. The next day, UNUM sent Plaintiff a letter affirming its previous denial. *See* Adm. Rec. CL-506-11. Plaintiff requested reconsideration of this decision. *See* Adm. Rec. CL-571-76. UNUM affirmed its previous denials in a letter dated March 23, 2000. *See* Adm. Rec. CL-578-80. Plaintiff then initiated this action.

**DISCUSSION**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The Employee Retirement Income Security Act of 1974 ("ERISA") "provides a plan beneficiary with the right to judicial review of a benefits determination." *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998); *see* 29 U.S.C. §§ 1132(a). When, as in this case, the parties do not dispute that the Plan gives the administrator discretionary authority to determine eligibility for benefits, the administrator's decision is generally reviewed for abuse of discretion. *See Woo,* 144 F.3d at 1160. Such a deferential standard reflects the courts' hesitancy to interfere with the administration of a benefits plan. *Layes v. Mead Corp.*, 132 F.3d 1246, 1250 (8th Cir. 1998). However, a plaintiff may obtain less deferential review by presenting "material, probative evidence demonstrating that (1) a palpable conflict of interest or a serious procedural irregularity

existed, which (2) caused a serious breach of the plan administrator's fiduciary duty to her." *Woo*, 144 F.3d at 1160. The alleged conflict or procedural irregularity must have some connection to the substantive decision reached. *Id.* at 1161. For the less deferential standard to apply, a plaintiff must offer evidence that "gives rise to serious doubts as to whether the result reached was the product of an arbitrary decision or the plan administrator's whim." *Layes*, 132 F.3d at 1250 (internal quotation marks omitted). The degree of deference accorded a decision is decreased on a sliding scale in proportion to the seriousness of the conflict of interests or procedural irregularity. *See Woo*, 144 F.3d at 1161-62.

In this case, UNUM, the insurer and payor of plan benefits, is also the plan administrator and sole decisionmaker. UNUM has a direct financial benefit when it denies a claim. Such a conflict of interests may precipitate a less deferential review. *See id.* at 1161.

Plaintiff argues for a less deferential standard of review, alleging that UNUM's failure to consider additional 1999 medical records containing objective, clinical evidence of Plaintiff's fibromyalgia condition constitutes a serious procedural irregularity. Such a procedural irregularity would have a connection to UNUM's decision. Defendant contends that UNUM's decision should be reviewed for abuse of discretion. However, before the court can determine whether or not a less deferential standard of review is appropriate in this case, genuine issues of material facts remain to be resolved. Moreover, the degree to which the deference is decreased depends on the resolution of these factual questions.

The parties agree on certain facts. On September 16, 1999, Plaintiff, through her former attorney, sent a letter appealing UNUM's decision to sever her benefits. *See* Adm. Rec. CL-503-

04. Two days after receiving the appeal letter, UNUM responded, stating it had "reviewed the additional information you recently sent us [and] this information was not sufficient to reverse our previous decision." Adm. Rec. CL-539. UNUM further stated that Plaintiff's file would be forwarded to its Quality Review Section for an impartial, separate review. *Id.* UNUM did not review Plaintiff's appeal until December, 1999.

Beyond the foregoing, there is considerable disharmony between the parties' versions of Plaintiff's appeal process. Plaintiff alleges she sent her updated medical records along with the appeal letter and that UNUM lost her file, appeal letter and updated medical records. *See* Pl.'s Mem. in Supp. of Mot. for Summ. J., at 4; R. Spence Aff., ¶ 2. UNUM denies that it received updated medical records along with the appeal letter. *See* Def.'s Mem. in Opp'n. to Mot. for Summ. J., at 4, 6. UNUM agrees that it lost Plaintiff's claim file and the appeal review process did not continue until three months later. *See id.* at 6; Adm. Rec. CL-492. The record reveals that UNUM denied Plaintiff's appeal one day after beginning the review process in December, 1999. *See* Adm. Rec. CL-506-11. The parties disagree both on what medical records UNUM had, and when it had them.

The updated records at issue include a letter of February 22, 1999 from Janet Sternat to Dr. Adel discussing a "trigger points" exam conducted on Plaintiff, Dr. Adel's chart notes from February through May, 1999, indicating her diagnosis of fibromyalgia as early as February 26, 1999, and a functional capacity assessment dated May 26, 1999. *See* Tataryn Aff. Ex. D. These 1999 records indicate that a "pressure points" test supported Plaintiff's fibromyalgia diagnosis. *See id.* The "pressure points" test is an objective, standardly accepted medical procedure for diagnosing fibromyalgia. *See Russell v. UNUM Life Ins. Co. of Am.*, 40 F.Supp.2d 747, 750-51

(D. S.C. 1999).

ERISA requires UNUM to provide Plaintiff with a "full and fair review" of the decision denying her claim for benefits. *See* 29 U.S.C. § 1133. The administrative record in this case should consist of relevant information made available to UNUM prior to Plaintiff's filing of this lawsuit and in a manner that provided UNUM a fair opportunity to consider it. *See Vega v. Nat'l. Life Ins. Servs., Inc.*, 188 F.3d 287, 300 (5th Cir. 1999) (en banc); *see also Conley v. Pitney Bowes*, 176 F.3d 1044, 1049 (8th Cir. 1999) (holding that in reviewing a denial of benefits under ERISA, a court must focus on the evidence available to the plan administrators at the time of their decision). A review of the administrative decision here is made impossible by the uncertainty in determining what parts of Plaintiff's medical records UNUM possessed, what updated medical records Plaintiff sent to UNUM, and when UNUM had the records available for its consideration. The degree to which the deferential standard of review is decreased along the sliding scale of *Woo* is dependent on the determination of these genuine issues of material facts. Summary judgment is improper as to both parties where such factual issues exist. *See Riedl v. General Am. Life Ins. Co.*, 248 F.3d 753, 759 (8th Cir. 2001).

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion for Summary Judgment [Doc. No. 16] is **DENIED**;

(2) UNUM's Motion for Summary Judgment [Doc. No. 21] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: September 26, 2001